# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| CEDRIC JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-3137 |
| | ) | |
| JASON MANGRUM *et al.*, | ) | Judge Trauger |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The plaintiff Cedric Jones is a state prisoner presently incarcerated at the South Central Correctional Facility in Clifton, Tennessee. Before the court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 2). In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.    Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an *in forma pauperis* affidavit, and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA

provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as directed in the accompanying order.

## II.     Dismissal of the Complaint

### A.     <u>Legal Standard</u>

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "*Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). Finally, the Court need not sift through exhibits attached to the plaintiff's complaint in order to determine what, if any, basis exists for the plaintiff's claims against the defendants. *See Jackson v. Lawrence Corr. Ctr. Heatlh Care,* No. 15-cv-00082-JPG, 2015 WL 603853, at *2 (S.D. Ill. Feb. 12, 2015).

**B.      Discussion**

The plaintiff sues attorney Jason Magrum, the law firm Mackie, Wolf, Zientz and Mann, P.C. (MWZM), Wilmington Trust Company and Terence Jones, the plaintiff's brother, under 42

U.S.C. §1983. In his form §1983 complaint, the plaintiff claims that due to circumstances beyond his control, the home he owned with his former wife was foreclosed upon. He alleges that the foreclosure was fraudulent. He claims that the defendants violated his Fifth, Eighth and Fourteenth Amendment rights. As an attachment to the plaintiff's form § 1983 complaint he files what appears to be another complaint, in which he alleges a variety of claims sounding in state law along with claims for violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601 *et seq.* and violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.* Finally, in addition to asserting claims under §1983, the plaintiff asserts that he seeks a writ of replevin.

Because the plaintiff has failed to state any claims upon which relief can be granted, his complaint will be dismissed. To the extent he asserts claims sounding in state law, those claims will be dismissed without prejudice to the plaintiff's ability to raise them in state court.

1. §1983

The Plaintiff sues two individuals and two entities. There are no allegations in the complaint to suggest that any of these defendants are state actors.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102

(6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  Plaintiff has

not set forth any allegations by which the conduct of these defendants could be fairly attributed

to the State.  Accordingly, he fails to state a § 1983 claim.

With respect to his claims sounding in state law, Section 1983 does not provide redress

for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v.*

*Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  The plaintiff's assertion that defendants violated

state law therefore fails to state a claim under § 1983.  Moreover, to the extent that the plaintiff

seeks to invoke this court's supplemental jurisdiction over any state-law claims, the court

declines to exercise jurisdiction.  Ordinarily, where a district court has exercised jurisdiction over

a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are

dismissed prior to trial, the court will dismiss the remaining state-law claims.  *Id.*  Accordingly,

the plaintiff's state-law claim will be dismissed without prejudice.

2.  RESPA

With respect to his RESPA claim, the plaintiff's sole allegation with respect to this claim

is that he sought "documents and information from Ocwen through a qualified written request"

but did not get everything he asked for, or received some of the information he asked for but

after the "legal deadline."  (ECF No 1, Complaint at Page ID#12.)

RESPA creates a private right of action for only three types of wrongful acts: (1) failure

of a loan servicer to provide proper notice about a transfer of servicing rights or to respond to a

qualified written request for loan information, 12 U.S.C. § 2605; (2) payment of a kickback or

unearned fees for real estate settlement services, 12 U.S.C. § 2607; and (3) requiring a buyer to

use a title insurer chosen by the seller, 12 U.S.C. § 2608. *See McKinney v. Fulton Bank,* 776

F.Supp.2d 97, 103 (D.Md.2010).

The plaintiff does not identify the section of RESPA that Ocwen allegedly violated; however the only section that could apply in this case is Section 2605(e). Even assuming the plaintiff states a valid claim under RESPA, Ocwen is not a party to this suit. Moreover, even if Ocwen were a party, RESPA, 12 U.S.C.A. § 2605(f), requires a party to show actual damage from a violation of § 2605(e); *see also See Hutchens v. Bank of Am. N.A.,* 2012 WL 1618316, \*6 (E.D. Tenn. May 9, 2012); *Lee v. EquiFirst Corp.,* 2010 WL 4320714, \*9 (M.D. Tenn. Oct.26, 2010). The plaintiff does not allege any actual damages caused by Ocwen's late or incomplete responses to his request for documents. Therefore, the plaintiff fails to state a claim under RESPA.

3. FDCPA

With respect to his FDCPA claim, the plaintiff alleges that defendants Mangrum and MWZM have attempted to collect funds from the borrower—presumably the plaintiff-that Mangrum and MWZM are not authorized to collect or attempt to collect and that funds collected by Ocwen were not authorized.

The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692. The plaintiff's claim under the FDCPA must be dismissed because he has failed to allege any facts demonstrating that the defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. § 1692e. By its terms, the FDCPA applies only to "debt collectors," defined as any person in any business "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The plaintiff has not alleged any facts to suggest that any of the defendants are debt collectors as required by the FDCPA. As such, he has not alleged a basis for

6

applying the FDCPA in this case. Moreover, even if one or more of the defendants could be considered a "debt collector" for purposes of the FDCPA, plaintiff has failed to allege any facts to support a claim that defendants used false or misleading representations or means in attempting to collect its debt. Consequently, the plaintiff fails to state a claim for relief under the FDCPA.

### 4. Replevin

The plaintiff alleges that he seeks a writ of replevin, presumably for the return of his property. Replevin is only available for the recovery of personal property, and it may not be maintained to recover real property. *De Casal v. Nationstar Mortg., LLC*, No. 3:14-cv-2000, 2015 WL 9480464, at *5 (M.D. Tenn. Dec. 28, 2015), *report and recommendation adopted as modified,* No. 3:14-cv-2000, 2016 WL 626054 (M.D. Tenn. Feb. 17, 2016).

### C.     Conclusion

Based on the foregoing and for purposes of the initial review required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the court finds that the complaint fails to state a claim upon which relief may be granted. The complaint is therefore **DISMISSED**.

To the extent the plaintiff raises claims sounding in state law, those claims are **DISMISSED without prejudice**.

The same considerations that lead the court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*.

For purposes of analysis under 28 U.S.C. § 1915(g) of future causes of action, if any,

filed by this plaintiff, the dismissal of this action constitutes a "strike" under § 1915(g), which shall take effect, without further action by the court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of the district court's ruling on appeal, whichever is later.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge